{¶ 56} I must respectfully dissent, for I believe the majority erroneously ignores the prohibition against hearsay testimony in a criminal proceeding.
 {¶ 57} In this matter, testimony of multiple witnesses was presented not once, but twice. First the detective described to the jury what he had heard from witnesses about the guilt of the defendant, and, then, those same witnesses came into to court to verify what the detective said they had said!
 {¶ 58} The analysis begins with the definition of hearsay, and its potential for harm. As stated by the Supreme Court of Ohio:
 {¶ 59} "Evid.R. 801(C) defines `hearsay' as `a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' It is axiomatic that hearsay evidence is inadmissible unless it falls within the specific hearsay exceptions enumerated in the Rules of Evidence."[3]
 {¶ 60} It is clear that when a police detective relates to a jury that both victims and accomplices have told him that the defendant committed the crimes charged that evidence is being introduced to prove the truth of the matter asserted.[4] There are no hearsay exceptions to permit such an exercise.
 {¶ 61} The majority suggests that since the same witnesses were later subject to cross-examination that the harm, if any, has been corrected. I disagree. In essence, the detective is vouching for the veracity of the subsequent witnesses by demonstrating that their stories have not waivered.
 {¶ 62} The proper standard to be applied in this analysis "'"is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction."'"[5] The Supreme Court of Ohio has stated that, in order to be harmless, the error must be harmless beyond a reasonable doubt:
 {¶ 63} "Under the court's test in Chapman,[6] in order to sustain a conviction the reviewing court must be able to declare a belief that the error was harmless beyond a reasonable doubt. There must be other overwhelming evidence of guilt."[7]
 {¶ 64} The Supreme Court of Ohio has also held that an "[e]rror in the admission of evidence is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction."[8]
 {¶ 65} While I agree with the majority that the properly admitted evidence in this matter was overwhelming in favor of the convictions, I simply cannot agree that there was no possibility that the impermissible evidence "contributed" to the result. As such, there has been a violation of the Ohio Rules of Evidence, and, thus, a fair trial has been denied.
 {¶ 66} I would reverse the matter with the clear mandate that witnesses are not permitted to testify as to what other witnesses have said while not under oath. The fact that they repeat their version of events under oath at a subsequent proceeding does not correct the wholesale violation of the hearsay rule that occurred in this matter. The prejudice to the defendant is apparent on its face.
[3] State v. DeMarco (1987), 31 Ohio St.3d 191, 195. See, also,State v. Bennett, 11th Dist. No. 2002-A-0020, 2005-Ohio-1567, at ¶54.
[4] See State v. Bennett, supra, at ¶ 57.
[5] State v. Murphy (May 3, 1984), 10th Dist. No. 82AP-989, 1984 Ohio App. LEXIS 9096, at *7-8, quoting Chapman v. California (1967),386 U.S. 18, 23, quoting Fahyv. Connecticut (1963), 375 U.S. 85, 86-87.
[6] Chapman v. California, supra.
[7] State v. Rahman (1986), 23 Ohio St.3d 146, 150, citingHarrington v. California (1969), 395 U.S. 250, 254 and State v.Maurer (1984), 15 Ohio St.3d 239, 264.
[8] State v. Bayless (1976), 48 Ohio St.2d 73, 106, vacated in part on other grounds (1978), 438 U.S. 911. See, also, State v. Mechling
(W.Va. 2006), 633 S.E.2d 311, 316.